# UNITED STATES

*v.*

# A. QUINTANA REYES.

---

San Juan, Criminal, No. 394.

COLLECTING FORGED MONEY ORDER.

1. One who, knowing the signature on a postoffice money order to be a forgery, presents it for payment and collects it, is guilty of the offense charged by Revised Statutes, § 5463, U. S. Comp. Stat. 1901, p. 3688.

2. An alibi is a valid defense when established beyond a reasonable doubt.
3. The term "reasonable doubt" defined to mean "a doubt that remains in the minds of reasonable men after a full, fair, and impartial consideration of the facts."

Case tried November 19, 1907.

----

*José R. F. Savage,* attorney for the United States.

*C. Coll y Cuchi,* attorney for defendant.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions which RODEY, Judge, omitting some of the formal parts, gave to the jury as follows:

This is a prosecution by the government of the United States, by indictment duly returned against the defendant, A. Quintana Reyes, under § 5463 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3688), as amended, charging him, without quoting it verbatim to you, with having, with intent to defraud the United States, presented to an officer of the United States at the postoffice at San Juan, a money order, knowing the same to bear a forged or counterfeit signature in the way of an indorsement, receipt, or certificate thereon.

The government has introduced evidence before you tending to show that such a money order was issued at Caguas, Porto Rico, and that it was transmitted in a letter to San Juan, and that it was paid at San Juan on the 11th day of July, 1907, by a postal employee to this defendant, and there is evidence in the

case tending to show that this defendant is not the person for whom it was intended.

If you believe from the evidence, beyond a reasonable doubt, that this defendant did present the money order in question to a postoffice employee at San Juan, knowing it to contain a false, forged, or fraudulent signature, whether he put the same there or not, you should find him guilty as charged in the indictment.

The defense of the defendant is what is known in law as an alibi, and you are instructed that an alibi means the being at some other place than the place where the crime is alleged to have been committed, at a time that would have rendered it impossible for the person accused to have been at the locus of the crime. You are instructed that, when supported by proper evidence, this sort of defense is as good as any other in a criminal case, and, if you believe that such a defense has been established in this case, and that it was impossible for the defendant to have been present at the place where the crime is charged to have taken place, at the time alleged, then you should find him not guilty.

It devolves upon the government to make out its case beyond a reasonable doubt on the evidence; but a reasonable doubt is a doubt that remains in the minds of reasonable men after a full, fair, and impartial consideration of all the facts and circumstances in the case, and not a mere possibility of the innocence of the defendant.

You are the sole judges of the weight of the evidence and of the credibility to be given to any witness; and, as reasonable men, you must weigh the evidence and compare every part of it that is credible with every other part; and, if such a consideration of it results in your belief, beyond a reasonable doubt, that

the defendant committed the crime charged, you should find him guilty as charged in the indictment.

If, on the other hand, after such consideration of all the evidence, facts, and circumstances in the case, you do not so believe the defendant guilty, you should acquit him and so return your verdict.

Defendant found guilty.